**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CHRISTOPHER HOSE and JOSH HUSER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WEBER-STEPHEN PRODUCTS LLC,<br><br>Defendant. | **Civil Action No. 1:26-cv-02774**<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs Christopher Hose and Josh Huser ("Plaintiffs"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant Weber-Stephen Products LLC. ("Weber"). Plaintiffs make the following allegations, except as to allegations specifically pertaining to Plaintiffs, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

## PRELIMINARY STATEMENT

1. Consumer product manufacturers have certain basic rules and procedures that must be followed. When a consumer product manufacturer sells a residential home good product, it has a duty to ensure that the product functions properly and safely for its advertised use and is free from defects. When a consumer product manufacturer discovers a defect, it must explicitly disclose the defect and make it right and abide by its warranties.

2. Plaintiffs bring this action on behalf of themselves, and all similarly situated persons who purchased the metal wire bristle grill brushes with plastic or wood handles measuring

between 12- and 21-inches long models 6277, 6278, 6463, 6464, 6493, and 6494 part of the Consumer Product Safety Commission ("CPSC"), No. 26-282[1].

3. This action is brought to remedy various violations of law in connection with Weber's manufacturing, marketing, advertising, selling, warranting, and servicing of the Class Grill Brushes.

4. The Class Grill Brushes' small metal wire bristles can detach from the brushes, stick to the grill or food, posing an ingestion hazard and risk of serious internal injuries that could require surgery[2].

5. On February 26, 2026, Weber recalled nearly 3.2 million grill brushes of the following models, referred to as "Class Grill Brushes" or "Class Products"[3]:

| **Model No.** | **Brush Description** | **Distribution Dates** |
|---|---|---|
| 6277 | 12" black plastic handle with red ring stamped with Weber grill logo | 2021-2026 |
| 6278 | 18" black plastic handle with red ring stamped with Weber grill logo | 2021-2026 |
| 6463 | 12" bamboo handle with silver metal scraper on the back branded with Weber logo name | 2011-2021 |
| 6464 | 18" bamboo handle with silver metal scraper on the back branded with Weber logo name | 2011-2021 |
| 6493 | 21" black plastic handle with black ring stamped with Weber grill logo and metal binder with Weber grill logo | 2013-2021 |

[1] https://www.cpsc.gov/Recalls/2026/Weber-Recalls-Over-3-2-Million-Metal-Wire-Bristle-Grill-Brushes-Due-to-Ingestion-Hazard
[2] *Id.*
[3] *Id.*

| | | |
|---|---|---|
| 6494 | 12" black plastic handle with black ring stamped with Weber grill logo | 2013-2021 |

6. The Class Grill Brushes were sold online and in stores at Lowe's, Home Depot, Ace Hardware, and Target, and online at Amazon and Weber.com from 2011 through 2026 for between $10 and $17. The products have also been found on resale sites, such as eBay.com.[4]

7. The allegations herein are based on personal knowledge as to Plaintiffs' own experiences and are made as to other matters based on an investigation by counsel, including analysis of publicly available information.

8. Plaintiffs and other consumers had a reasonable expectation that the Grill Brushes would not pose a serious ingestion hazard, including the risk that metal bristles could detach during normal use, adhere to food, and be unknowingly ingested, which can cause internal injury.

9. Upon information and belief, the product packaging, labeling, instructions, and advertising for the affected products do not adequately warn users about the risk that wire bristles can loosen, detach, remain on grill grates, adhere to food, and be unknowingly ingested.

10. Those representations and omissions regarding safety were false and misleading, and the affected products, by Weber's own subsequent recall, are not reasonably safe for their intended use.

## JURISDICTION AND VENUE

11. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

12. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, the relevant portion of which is codified at 28 U.S.C. §1332(d). The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of

[4] *Id.*

interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant, on the other, are citizens of different states.

13. Weber sells and manufactures grilling products internationally, throughout the United States and within this judicial district. This Court has personal jurisdiction over the Defendant because the Defendant has its principal place of business in Palatine, Illinois.

14. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Defendant sells and distributes their products throughout the United States and within this District.

**PARTIES**

15. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

16. Christopher Hose is a citizen of Pemberton, New Jersey located in Burlington County. He is a purchaser, owner and user of a Weber Grill Brush.

17. Plaintiff Hose purchased the Grill Brush at Target.

18. Plaintiff Hose purchased the Grill Brush for home use.

19. Plaintiff Josh Huser is a citizen of Fishers, Indiana. He is the purchaser, owner and user of a Weber Grill Brush.

20. Plaintiff Huser advised purchasing two recalled Weber Grill Brushes (Model 6493) from Home Depot and paying approximately $19 before taxes.

21. Plaintiff Huser purchased the Grill Brushes for home use.

22. Weber is a Limited Liability Company with its principal place of business located in Palatine, Illinois. Weber's principal place of business is 350 Springfield Ave Suite 200 Summit, New Jersey 07901. Its Registered Agent is The Corporation Trust Company located at 209 Orange Street, Wilmington, DE 19801.

23. Weber is marketed as a company that manufactures high quality charcoal, gas, electric, and pellet grills, as well as smokers and accessories.

**FACTUAL ALLEGATIONS**

24. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

25. On February 26, 2026, there was a CPSC initiated recall for 3.2 million grill brushes.

26. These Grill Brushes were manufactured between 2011 through January 2026. The grill brushes have model nos. 6277, 6278, 6463, 6464, 6493 and 6494.

27. The recalled grill brushes were sold online and in stores at Lowe's, Home Depot, Ace Hardware, and Target, and online at Amazon and Weber.com from 2011 through 2026 for between $10 and $17. The products have also been found on resale sites, such as eBay.com[5].

28. The Metal Wire Bristle Grill Brushes' small metal wire bristles can detach from the brushes, stick to the grill or food, posing an ingestion hazard and risk of serious internal injuries that could require surgery.[6]

29. Weber is aware of at least 38 reports and reviews where small wire bristles detached from the grill brushes, including four reports of consumers who swallowed metal bristles and sought medical treatment to remove the bristles from their digestive tract or throat.

30. Plaintiff purchased the grill brushes for normal home use.

**CLASS ACTION ALLEGATIONS**

31. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

---

[5] *Id.*
[6] *Id.*

32. Plaintiffs bring this action on behalf of themselves and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class (Class Members) are defined as follows:

> **National Class: All persons in the United States who purchased the recalled grill brushes manufactured between 2011 through January 2026, model nos. 6277, 6278, 6463, 6464, 6493 and 6494.**
>
> **New Jersey Subclass: All persons that are residents of New Jersey who purchased the recalled grill brushes manufactured between 2011 through January 2026, model nos. 6277, 6278, 6463, 6464, 6493 and 6494.**
>
> **Indiana Subclass: All persons that are residents of Indiana who purchased the recalled grill brushes manufactured between 2011 through January 2026, model nos. 6277, 6278, 6463, 6464, 6493 and 6494.**

33. Plaintiffs qualify as members of each of the proposed classes in the preceding paragraphs.

34. Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Defendant; (ii) a relative of an employee or independent contractor of Defendants; (iii) an employee of the Court where this action is pending.

35. The proposed class definition may be amended or modified from time to time.

36. The members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents and from public records.

37. Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

38. The Proposed Classes are so numerous that the joinder of all members is impracticable.

39. This action has been brought and may be properly maintained on behalf of the classes proposed herein under Federal Rule of Civil Procedure 23.

40. **Numerosity: Fed. R. Civ. P. 23(a)(1)** Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Weber and obtainable by Plaintiffs only through the discovery process. At this time, it is believed that approximately 3.2 million products were subject to recall. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

41. **Typicality: Fed. R. Civ. P. 23(a)(3)** Plaintiffs' claims are typical of the claims of the Class because Plaintiffs purchased a Class Grill Brush where its small metal wire bristles can detach from the brushes, stick to the grill or food, posing an ingestion hazard and risk of serious internal injuries that could require surgery.

42. **Adequacy: Fed. R. Civ. P. 23(a)(4)** Plaintiffs are adequate class representatives because their interests do not conflict with the interests of the Class that they seek to represent. Plaintiffs have retained counsel competent and highly experienced in complex and class action

litigation, and they intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

43. **Predominance and Superiority: Fed. R. Civ. P. 23(b)(3)** A class action is superior to all other available means for the fair and efficient adjudication of the claims of Plaintiffs and Class Members, and questions of law and fact common to all Class Members predominate over questions affecting only individual class members. Class Members can be readily identified and notified based on, inter alia, Defendant's business records or other sources.

44. **Common Questions of Fact and Law: Fed. R. Civ. P. 23(b)(4)** Common Questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class Members. These common legal and factual questions include, but are not limited to:

a. Whether the Product's metal wire bristles detach from the brushes;

b. Whether the Grill Brush defect would be considered material by a reasonable consumer;

c. Whether the Grill Brush defect would constitute an unreasonable safety risk;

d. Whether Defendant had a duty to disclose the Grill Brush defect to Plaintiffs and other Class Members;

e. Whether Weber knew or reasonably should have known of the Grill Brush defect before it sold Class Grill Brushes to Plaintiffs and Class Members;

f. Whether the Grill Brush defect has diminished the value of the Class Brill Brushes;

g. Whether Weber breached the implied warranty of merchantability pursuant to state law and/or the UCC;

h. Whether Weber breached its express warranties under state law and/or the UCC

i. Whether Weber is liable for fraudulent omission;

j. Whether Weber was unjustly enriched;

k. Whether Plaintiff and the other Class Members are entitled to damages and other monetary relief.

## CAUSES OF ACTION

## COUNT I

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

45. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

46. Plaintiffs bring this count on behalf of themselves and the Class.

47. The requirement that goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind.

48. Furthermore, goods must be fit for ordinary purposes and conforming to promises made on the container or label.

49. In order to be merchantable must be at least such as: (a) pass without objection in the trade under the contract description; and (b) in the case of fungible goods, are of fair average quality within the description; and (c) are fit for the ordinary purposes for which such goods are used; and (d) run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved; and (e) are adequately contained,

packaged, and labeled as the agreement may require; and (f) conform to the promises or affirmations of fact made on the container or label if any.

50. Weber is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Class Grill Brushes.

51. The Class Grill Brushes are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Class Grill Brushes, as goods, were purchased.

52. Weber entered into agreements with consumers to sell the Class Grill Brushes to be used by Plaintiffs and Class Members for personal use.

53. The implied warranty of merchantability included with the sale of each Class Grill Brushes means that Weber guaranteed that the Class Grill Brushes would be fit for the ordinary purposes for which grill cleaning products are used and sold and were not otherwise injurious to consumers. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, Plaintiffs, and the Class Members.

54. Weber breached the implied warranty of merchantability because the Class Grill Brushes are not fit for their ordinary purpose of providing reasonably reliable and safe grill cleaning. After all, Defendants did not indicate that the Class Grill Brushes would contain a Defect. This defect consists of the small metal wire bristles detaching from the brushes, stick to the grill or food, posing an ingestion hazard and risk of serious internal injuries that could require surgery to the users of the product.

55. Given that Plaintiffs and Class Members are unable to safely use the Class Grill Brushes without this ingestion safety risk, the Class Grill Brushes are not fit for their particular purpose of grill cleaning.

56. Weber was put on actual notice of its breach through their review of consumer complaints as well as its own recalls.

57. Had Plaintiffs, Class Members, and the consuming public known that the Class Grill Brushes would not be provided with safe to use cleaning brush they would not have purchased the Class Grill Brushes.

58. As a direct and proximate result of the foregoing, Plaintiffs and the Class suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

59. Plaintiffs suffered injury in that he purchased a Grill Brush that is worthless. The resale value is now diminished.

## COUNT II
## UNJUST ENRICHMENT

60. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

61. Plaintiffs bring this count on behalf of themselves and the Class. This cause of action is plead in the alternative and in equity should the court deem there is no other remedy available for the plaintiff's and that the benefit conferred upon the defendant was unjust.

62. Plaintiffs, and the other members of the Class, conferred benefits on Defendant in the form of monies paid to purchase Weber's worthless Class Grill Brushes with metal wires bristles that can detach and cause and ingestion hazard.

63. Weber voluntarily accepted and retained this benefit. Weber had knowledge and appreciation of this benefit, which was conferred upon them by and at the expense of Plaintiffs and the Class Members.

64. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the Class Grill Brushes that exposed users to ingestion hazards, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

65. The circumstances, as described herein, are such that it would be inequitable for Weber to retain the ill-gotten benefit without paying the value thereof to Plaintiffs and the Class Members.

66. Weber manufactured, marketed, and sold the Class Grill Brushes under the guise of these brushes being safe and operable, without the risk of the small metal wire bristles detaching from the brushes, stick to the grill or food, and posing an ingestion hazard and risk of serious internal injuries that could require surgery.

67. Because Weber's retention of the non-gratuitous benefits conferred on them by Plaintiffs and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiffs and members of the Classes for its unjust enrichment, as ordered by the Court.

## COUNT III
## Negligence- Failure to Warn

68. Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

69. Defendant marketed, distributed, and/or sold the Class Grill Brushes to consumers in the United States.

70. The Grill Brushes' metal wire bristles can detach from the brushes, stick to the grill or food, creating an ingestion hazard and risk of serious internal injuries that could require surgery.

71. The CPSC recall announcement reports numerous incident reports where small wire bristles detached from the grill brushes, including four reports of consumers who swallowed

metal bristles and sought medical treatment to remove the bristles from their digestive tract or throat.

72. Injury reports about the Grill Brushes' defect were known to the Defendant.

73. At all relevant times, Defendant owed Plaintiffs and Class members a duty to exercise reasonable care in the design, manufacture, marketing, distribution, and sale of the Grill Brushes, including a duty to provide adequate warnings and instructions about non-obvious hazards associated with the reasonably foreseeable use (and foreseeable misuse) of the Grill Brushes.

74. Defendant also owed a duty to warn of known or knowable risks that posed a foreseeable danger of physical injury, including risks revealed through, among other things, pre-sale testing, post-market surveillance, consumer complaints, warranty claims, and incident reporting.

75. The ingestion hazard described above is (a) severe, (b) foreseeable during ordinary consumer use, and (c) not the type of danger that reasonable consumers would necessarily anticipate without adequate warnings and instructions. And, believed to be known to the Defendant prior to its product sale.

76. Defendant breached its duty of reasonable care by, among other things:

a. Failing to warn consumers, clearly and conspicuously, that the Grill Brushes' metal wire bristles could detach from the brushes, stick to the grill or food could during use and cause serious internal injuries;

b. Failing to provide adequate instructions, safeguards, and risk-mitigation directions to reduce the likelihood and severity of metal wire bristles detaching from the grill brushes;

c. Failing to timely strengthen warnings and instructions after receiving (or being in a position to receive) incident information reflecting the ingestion hazard;

d. Continuing to market and sell the grill brushes without adequate warnings and instructions despite knowledge (actual or constructive) of the hazard; and/or

e. Failing to take other reasonable steps a prudent importer/seller would take to warn consumers and prevent foreseeable internal injuries due to the ingestion of the detachable wire bristles from the grill brushes.

77. Defendant's failures to warn were a substantial factor in causing Plaintiffs' injuries and/or damages (and those of Class members). Had Defendant provided adequate warnings and instructions, Plaintiffs and Class members would have altered their behavior—by not purchasing the Grill Brushes, discontinuing use, using the product differently, and/or implementing additional precautions—thereby avoiding or reducing harm.

78. As a direct and proximate result of Defendant's negligent failure to warn, Plaintiffs and Class members suffered damages, including but not limited to: pain and suffering and economic loss associated with purchasing and possessing a product that presented an undisclosed serious ingestion hazard and required cessation of use.

79. Plaintiffs seek all available damages and other relief under applicable state law, including compensatory damages, restitution and/or other equitable relief as appropriate, pre- and post-judgment interest, costs, and any other relief the Court deems just and proper.

**COUNT IV**
**VIOLATION OF THE NEW JERSEY PRODUCTS LIABILITY ACT**
**(NJ. Stat. 2A:58C-1 *et seq*)**
**(On Behalf of the New Jersey Sub-Class)**

80. Plaintiffs incorporates all previous paragraphs and allegations referenced herein.

81. Plaintiff Christopher Hose brings this action on behalf of himself and the New Jersey Subclass.

82. The Class Grill Brushes suffered from an Ingestion Hazard. As reported in the CPSC Recall, the metal wire bristles can detach from the brushes, stick to the grill or food, posing an ingestion hazard and risk of serious internal injuries that could require surgery.

83. Plaintiff alleges that this defect is manifest when he, and other Class members, are using the Class Grill Brushes in an ordinary and intended manner.

84. As the designer and manufacturer of the Class Grill Brushes, Weber had a duty to warn Plaintiff and Class members about the brushes' defect within the Class Grill Brushes and failed to do so.

85. As there is no evidence that this systemic defect is caused by the operators of the Class Grill Brushes, it is apparent that the defect was known, or should have been known, to Weber at the time the Class Grill Brushes were manufactured.

86. The Defect has proximately caused the Plaintiff's injuries. This defect damages the physical integrity of the Class Grill Brushes and renders them as useless.

**COUNT V**

**VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT**
**(NJ. Stat. 56: 8-1 *et seq*)**
**(On Behalf of the New Jersey Subclass)**

87. Plaintiff incorporates all previous paragraphs and allegations referenced herein.

88. Plaintiff Christopher Hose brings this action on behalf of himself and the New Jersey Subclass.

89. Weber is well aware of the Class Grill Brushes Defect. The Recall is for Class Grill Brushes manufactured from 2011 to present.

90. The CPSC advises that Between 2011 through 2026, there were at least 38 reports and reviews where small wire bristles detached from the grill brushes, including four reports of consumers who swallowed metal bristles and sought medical treatment to remove the bristles from their digestive tract or throat[7].

91. Weber markets itself with providing safe and reliable and innovative tools "to make your next grilling experience on a Weber better than your last"[8]. This would be a misrepresentation as it pertains to the Class Grill Brushes that are not a reliable means to clean a frill and any Grill Brush whose design exposes users to an ingestion hazard are not safe.

92. Weber's awareness of 38 reports related to the defect found in the Class Grill Brushes evidence that Weber knew or should have known of the defect before selling them to consumers and yet still chose to do so.

**COUNT VI**
**VIOLATION OF THE INDIANA DECEPTIVE CONSUMER SALES ACT**
**(Ind. Code § 24-5-0.5-1 et seq.)**
**(On Behalf of the Indiana Subclass**

93. Plaintiff incorporates all previous paragraphs and allegations as if fully set forth herein.

94. Plaintiff Josh Huser brings this action on behalf of himself and the Indiana Subclass.

95. At all times relevant, Defendant Weber-Stephen Products LLC ("Weber") was a "seller" and/ or "supplier "as defined by Ind. Code § 24-5-0.5-2(a)(3).

96. The purchase of the Class Grill Brushes by Plaintiff Huser and Indiana Subclass members constitutes a "consumer transaction" as defined by Ind. Code § 24-5-0.5-2(a)(1).

---

[7] *Id.*
[8] https://www.weber.com/US/en/aboutus.html

97. The Indiana Deceptive Consumer Sales Act ("DCSA") prohibits a supplier from representing that such goods have certain characteristics, uses, or benefits that they do not have, or that the goods are of a particular standard or quality if they are not.

98. Weber violated the DCSA by engaging in deceptive and unfair acts, including:

a. **Misrepresenting Safety:** Marketing the Class Grill Brushes as safe and reliable tools for their intended use.

b. **Material Omissions:** Failing to disclose that the metal wire bristles could detach, stick to food, and pose a severe ingestion hazard requiring surgery.

c. **Knowledge of Defects:** Continuing to sell and market the products despite having actual or constructive knowledge of at least 38 reports of bristle detachment and four reports of serious physical injury.

99. Weber's acts were "willful" under the DCSA because Weber knew or should have known that the Class Grill Brushes were defective and dangerous before selling them to Indiana consumers.

100. As a direct and proximate result of Weber's deceptive acts, Plaintiff Huser and the Indiana Subclass members have suffered an ascertainable loss of money, specifically the purchase price of the "worthless" grill brushes and the diminished resale value of the products.

**COUNT VII**
**VIOLATION OF THE INDIANA PRODUCT LIABILITY ACT**
**(Ind. Code § 34-20-1-1 et seq.)**
**(On Behalf of the Indiana Subclass)**

101. Plaintiffs incorporate all previous paragraphs and allegations as if fully set forth herein.

102. Plaintiff Josh Huser brings this action on behalf of himself and the Indiana Subclass.

103. At all times relevant, Defendant Weber-Stephen Products LLC ("Weber") was a "seller" of the Class Grill Brushes within the meaning of Ind. Code § 34-20-2-1 et seq.

104. The Class Grill Brushes are "products" within the meaning of the IPLA.

105. Under the IPLA, a manufacturer is liable if they put into the stream of commerce any product in a defective condition unreasonably dangerous to any user or consumer.

a. . **Manufacturing Defect:** The Class Grill Brushes reached Plaintiff Huser and the Indiana Subclass without substantial alteration and contained a manufacturing defect that caused the bristles to detach during foreseeable and ordinary use.

b. **Failure to Warn:** Weber breached its duty under the IPLA by failing to provide adequate warnings or instructions regarding the non-obvious risk of bristle detachment and subsequent ingestion.

c. Weber knew or should have known of these hazards based on at least 38 reports of detached bristles and four reports of consumers requiring medical treatment prior to the 2026 recall.

106. The Class Grill Brushes were in a defective condition and were unreasonably dangerous at the time they left Weber's control because the metal wire bristles were prone to detaching, adhering to food, and posing a severe ingestion hazard.

107. The defects described herein were a proximate cause of the harm to Plaintiff Huser and the Indiana Subclass, as the brushes are not reasonably safe for their intended use and are effectively worthless.

108. As a result of Weber's violation of the IPLA, Plaintiff Huser and the Indiana Subclass have suffered damages and are entitled to compensatory damages and all other relief permitted under Indiana law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs incorporate all previous paragraphs as if fully set forth herein.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and members of the Class, requests that the Court enter judgment in their favor and against Defendants, awarding as follows:

A. Certifying the Class as proposed herein, designating Plaintiff as Class representatives, and appointing undersigned counsel as Class Counsel;

B. Declaring that Defendant is financially responsible for notifying the Proposed Classes Members of the pendency of this action;

C. Award all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D. Scheduling a trial by jury in this action;

E. Awarding pre and post-judgment interest on any amounts awarded, as permitted by law;

F. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

G. Any other relief the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, individually and on behalf of all those similarly situated, hereby request a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable.

Dated: March 20, 2026.

Respectfully Submitted,

*/s/ Paul Doolittle*
Paul J. Doolittle (Lic. No. 66490)
**POULIN | WILLEY|**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: paul.doolittle@poulinwilley.com
cmad@poulinwilley.com

***Attorneys for the Plaintiff and Class***